REDACTED

March 9, 2005

Peter T. Dalleo, Clerk of Court
UNITED STATES DISTRICT COURT
District of Delaware
J. Caleb Boggs Federal Building
844 King Street, Lock Box 18
Wilmington, Delaware 19801-3570



RE:U.S.A. vs. LUIS RENALDO SANTIAGO
98-CR-254-2(ED OF PA) 05-CR-11(DEL)

Dear Clerk

Pursuant to a Transfer of Probation we herewith enclose a certified copy of the following;

Indictment
Judgment
Docket Entries

Kindly acknowledge receipt on the copy of the letter provided.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By: /S/ Dennis Taylor
Dennis Taylor, Deputy Clerk

Received above material or record file this     day of          , 20    .

Signature: _____

Date: _____

PROB 22
(Rev. 2/88)
MYB/jr

**TRANSFER OF JURISDICTION**

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | |
| 2:98CR00254-002 | |
| DOCKET NUMBER *(Rec. Court)* | |
| CR05-11 | |

| NAME AND ADDRESS OF SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Luis Renaldo Santiago | Eastern District of Pennsylvania | Philadelphia |
| | NAME OF ASSIGNED JUDGE | |
| Elsmere, DE 19805 | The Honorable J. Curtis Joyner | |
| | DATES OF SUPERVISED RELEASE | FROM 11/13/03 | TO 11/12/13 |

OFFENSE

Conspiracy to distribute cocaine base (Count 1), possession with intent to distribute cocaine base (Count 2), distribution or possession of cocaine base with intent to distribute near a school (Count 3), distribution of cocaine base (Count 4), distribution or possession of cocaine base with intent to distribute near a school (Count 5), possession of cocaine base with intent to distribute (Count 6), distribution or possession of cocaine base with intent to distribute near a school (Count 7), and criminal forfeiture (Count 8)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Eastern District of Pennsylvania

 IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Delaware upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

**ENTERED**

| | |
|---|---|
| *January 31, 2005* | *J. Curtis Joyner* |
| Date | United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

 IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| | |
|---|---|
| 2/25/05 | |
| Effective Date | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _98 · 254_ |
| **v.** | : | **DATE FILED:** _5/20/98_ |
| **NELSON CARRION** | : | **VIOLATION:   21 U.S.C. § 846** |
| **LUIS SANTIAGO** | | **(Conspiracy to distribute** |
| **MELVIN FELICIANO** | : | **cocaine base - 1 Count)** |
| **a/k/a Miguel Torres** | | **21 U.S.C. § 841(a)(1)** |
| | : | **(Possession of cocaine base** |
| | | **with the intent to distribute -** |
| | : | **2 Counts)** |
| | | **21 U.S.C. § 841(a)(1)** |
| | : | **(Distribution of cocaine base -** |
| | | **1 Count)** |
| | : | **21 U.S.C. § 860** |
| | | **(Distribution or possession of cocaine** |
| | : | **base with intent to distribute near a** |
| | | **school - 3 Counts)** |
| | : | **21 U.S.C. § 853** |
| | | **(Criminal Forfeiture - 1 Count)** |

FILED

MAY 20 1998

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

## I N D I C T M E N T

### COUNT ONE

THE GRAND JURY CHARGES THAT:

On or about March 17, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**NELSON CARRION,**
**LUIS SANTIAGO  and**
**MELVIN FELICIANO,**
**a/k/a Miguel Torres**

did knowingly and unlawfully conspire, combine, confederate and agree, together and

with others known and unknown to the grand jury, to distribute more than 50 grams of a

mixture or substance containing a detectable amount of cocaine base ("crack"), a

Schedule II narcotic drug controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1).

## MANNER AND MEANS

1.    It was part of the conspiracy that defendants NELSON CARRION,

LUIS SANTIAGO and MELVIN FELICIANO, a/k/a Miguel Torres, possessed cocaine

base ("crack") with the intent to distribute in Philadelphia, Pennsylvania and elsewhere.

It was further a part of the conspiracy that:

2.    Defendant NELSON CARRION supplied various individuals,

including defendants LUIS SANTIAGO and MELVIN FELICIANO, a/k/a Miguel

Torres, with cocaine base ("crack") for distribution in the 600 block of East Lippincott

Street, Philadelphia.

3.    Defendants NELSON CARRION, LUIS SANTIAGO and MELVIN

FELICIANO, a/k/a Miguel Torres, used the premises at 621 East Lippincott Street,

Philadelphia, to store and distribute cocaine base ("crack").

4.    The cocaine base ("crack") possessed and distributed by defendants

NELSON CARRION, LUIS SANTIAGO and MELVIN FELICIANO, a/k/a Miguel

Torres, was distributed in red plastic packets sealed inside of clear packets.

2

5.    Defendants NELSON CARRION, LUIS SANTIAGO and MELVIN FELICIANO, a/k/a Miguel Torres, used loaded firearms to protect the cocaine base ("crack"), proceeds of drug transactions and themselves when possessing cocaine base ("crack") for storage or distribution.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objective, the following overt acts, among others, were performed within the Eastern District of Pennsylvania:

1.    On or about March 17, 1998, on the street in the area of the 600 block of East Lippincott Street, Philadelphia, defendants LUIS SANTIAGO  and MELVIN FELICIANO, a/k/a Miguel Torres, sold red plastic packets sealed inside of clear packets which held a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic drug controlled substance which were supplied to them by NELSON CARRION.

2.    On or about March 17, 1998, in the area of the 600 block of East Lippincott Street, Philadelphia, defendant LUIS SANTIAGO met with an undercover police officer and negotiated the sale of four red plastic packets sealed inside of clear packets containing cocaine base ("crack").

3.    On or about March 17, 1998, defendants LUIS SANTIAGO  and MELVIN FELICIANO, a/k/a Miguel Torres, possessed with the intent to distribute 48

3

red plastic packets of cocaine base ("crack") sealed inside of clear packets in a change

purse under the steps of 659 East Lippincott Street, Philadelphia,

      4.    On or about March 17, 1998, defendants NELSON CARRION,

LUIS SANTIAGO and MELVIN FELICIANO, a/k/a Miguel Torres, stored

approximately 113.65 grams of cocaine base ("crack") and three loaded firearms inside

621 East Lippincott Street, Philadelphia.

      All in violation of Title 21, United States Code, Section 846.

4

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 17, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

### NELSON CARRION,
### LUIS SANTIAGO and
### MELVIN FELICIANO,
### a/k/a Miguel Torres

did knowingly and intentionally possess with intent to distribute, and did aid and abet the

possession with intent to distribute, more than five grams of a mixture or substance

containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic drug

controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

5

# COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 17, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**NELSON CARRION,
LUIS SANTIAGO and
MELVIN FELICIANO,
a/k/a Miguel Torres**

did knowingly and intentionally possess with intent to distribute, and did aid and abet the

possession with intent to distribute, more than five grams of a mixture or substance

containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic drug

controlled substance within 1,000 feet of the real property comprising the Louis Elkin

Public School, a public elementary school, located at D Street and Allegheny Avenue, in

Philadelphia, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 860(a) and Title 18,

United States Code, Section 2.

6

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 17, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

### NELSON CARRION and
### LUIS SANTIAGO

did knowingly and intentionally distribute, and did aid and abet the distribution of, a

mixture or substance containing a detectable amount of cocaine base ("crack"), a

Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

7

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 17, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

### NELSON CARRION and
### LUIS SANTIAGO

did knowingly and intentionally distribute, and did aid and abet the distribution of, a

mixture or substance containing a detectable amount of cocaine base ("crack"), a

Schedule II narcotic drug controlled substance within 1,000 feet of the real property

comprising the Louis Elkin Public School, a public elementary school, located at D Street

and Allegheny Avenue, in Philadelphia, in violation of Title 21, United States Code,

Section 841(a)(1).

In violation of Title 21, United States Code, Section 860(a) and Title 18,

United States Code, Section 2.

8

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 17, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

**NELSON CARRION,**
**LUIS SANTIAGO and**
**MELVIN FELICIANO,**
**a/k/a Miguel Torres**

did knowingly and intentionally possess with intent to distribute, and did aid and abet the

possession with intent to distribute, more than fifty grams, that is approximately 113.65

grams, of a mixture or substance containing a detectable amount of cocaine base

("crack"), a Schedule II narcotic drug controlled substance inside of 621 East Lippincott

Street.

In violation of Title 21, United States Code, Section 841(a)(1).

9

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 17, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

**NELSON CARRION,**
**LUIS SANTIAGO and**
**MELVIN FELICIANO,**
**a/k/a Miguel Torres**

did knowingly and intentionally possess with intent to distribute, and did aid and abet the

possession with intent to distribute, more than fifty grams, that is approximately 113.65

grams, of a mixture or substance containing a detectable amount of cocaine base

("crack"), a Schedule II narcotic drug controlled substance inside of 621 East Lippincott

Street which is within 1,000 feet of the real property comprising the Louis Elkin Public

School, a public elementary school, located at D Street and Allegheny Avenue, in

Philadelphia, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 860(a).

10

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

    1.    The grand jury realleges and incorporates by reference here the allegations of Counts One through Seven of this Indictment for the purposes of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

    2.    As a result of the violations of Title 21, United States Code, Section 841(a)(1) charged in this Indictment, including but not limited to, the violations set forth in Counts One through Seven of this Indictment, defendants, NELSON CARRION, LUIS SANTIAGO and MELVIN FELICIANO, a/k/a Miguel Torres, shall forfeit to the United States of America all property which constitutes and/or is derived from any proceeds obtained directly or indirectly by them including, but not limited to:

    a.    The sum of $900 in United States currency that was recovered inside 621 East Lippincott Street, on March 17, 1998;

    3. The defendants, NELSON CARRION, LUIS SANTIAGO and MELVIN FELICIANO, a/k/a Miguel Torres, shall forfeit to the United States of America all property which was used and intended to be used, in any manner and part, to commit and/or to facilitate the commission of the violations charged in Counts One through Seven of this Indictment including, but not limited to:

    a.    The sum of $900 in United States currency that was recovered inside 621 East Lippincott Street, on March 17, 1998;

11

b.    A Lorcin, .380 caliber semiautomatic firearm, serial number

342017; a Titan, .25 caliber semiautomatic firearm, serial number obliterated; and an

SKS, 7.62 caliber assault rifle, serial number 3122256.

## SUBSTITUTE ASSETS

4.    If any of the property described above as being subject to forfeiture,

as a result of any act or omission of defendants, NELSON CARRION, LUIS SANTIAGO

and MELVIN FELICIANO, a/k/a Miguel Torres

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to

Title 21, United States Code, Section 853(p), to seek forfeiture of

any other property of said defendants up to the value of the above

forfeitable property.

All pursuant to Title 21, United States Code, Sections 853(a)(1), (2) and (p).

A TRUE BILL:

_____
FOREPERSON

MICHAEL R. STILES
United States Attorney

First Assistant U.S. Attorney

13

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**LUIS SANTIAGO** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:  **2:98CR00254-002**<br><br>**CARLOS A. MARTIR, ESQ.**<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1,2,3,4,5,6,7

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | CONSPIRACY TO DISTRIBUTE COCAINE BASE | 03/17/1998 | 1 |
| 21 U.S.C. § 841 (a)(1) | POSSESSION OF COCAINE BASE WITH THE INTENT TO DISTRIBUTE | 03/17/1998 | 2 |
| 21 U.S.C. § 860 | DISTRIBUTION OF POSSESSION OF COCAINE BASE WITH INTENT TO DISTRIBUTE NEAR A SCHOOL | 03/17/1998 | 3,5,7 |

See Additional Counts of Conviction - Page   **2**

    The defendant is sentenced as provided in pages 2 through   _7_   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: _____ | 02/24/1999 |
| Defendant's Date of Birth:   **1966** | Date of Imposition of Judgment |
| Defendant's USM No.:   **51837-066** | |
| Defendant's Residence Address: | |
| **FCI FAIRTON** | Signature of Judicial Officer |
| **POB 280** | |
| **FAIRTON**          NJ     08230 | **J. CURTIS JOYNER**<br>**JUDGE** |
| | Name & Title of Judicial Officer |
| Defendant's Mailing Address: | |
| **FCI FAIRTON** | |
| **POB 280** | _February 26, 1999_ |
| **FAIRTON**          NJ     08230 | Date |

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

DEFENDANT:      LUIS SANTIAGO

CASE NUMBER:      2:98CR00254-002

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ' 841 (a)(1) | AIDING AND ABETTING | 03/17/1998 | 2,3,4,5 |
| 21 U.S.C. ' 841 (a)(1) | DISTRIBUTION OF COCAINE BASE | 03/17/1998 | 4,6 |

DEFENDANT:      **LUIS SANTIAGO**
CASE NUMBER:    **2:98CR00254-002**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____78__ **month(s)** _____.

**Counts 1,2,3,4,5,6,7 are to run concurrently.**

☒  The court makes the following recommendations to the Bureau of Prisons:

**The court recommends that the defendant be enrolled in an intensive drug treatment program.**

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at  _____ a.m./p.m.  on  _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on  _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____ to  _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page ___4___ of ___7___

DEFENDANT:        LUIS SANTIAGO

CASE NUMBER:      2:98CR00254-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____10____ year(s)

Defendant is to participate in a aftercare drug program per the direction of the probation department. Counts 1,2,3,4,5,6,7 are to run concurrently on supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page ___5___ of ___7___

DEFENDANT:    **LUIS SANTIAGO**

CASE NUMBER:    **2:98CR00254-002**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $    700.00 | $ | $ |

☐   If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .    $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   The interest requirement is waived.

☐   The interest requirement is modified as follows:

# RESTITUTION

☐   The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| | | | |

|  | Totals: | $ _____ | $ _____ |
|---|---|---|---|

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

DEFENDANT:      LUIS SANTIAGO

CASE NUMBER:    2:98CR00254-002

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☐   in full immediately; or

B  ☐   $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐   not later than  _____ ; or

D  ☐   in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☒   in _____equal_____ (e.g. equal, weekly, monthly, quarterly) installments of $ ____10.00____ over a period of __70__ month(s) to commence __30__ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐   Joint and Several

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

CLOSED, INTERP

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CRIMINAL DOCKET FOR CASE #: 2:98-cr-00254-JCJ-2
#### Internal Use Only

Case title: USA v. CARRION, et al                Date Filed: 05/20/1998

Assigned to: JUDGE J. CURTIS
JOYNER

## Defendant

**LUIS SANTIAGO** (2)                    represented by **CARLOS A. MARTIR**
*TERMINATED: 03/02/1999*                    MARTIR & GARCIA
                                            3-5 N. 2ND ST., 3RD FL
                                            PHILADELPHIA, PA 19106
                                            TEL 215-731-9886
                                            *TERMINATED: 03/02/1999*
                                            *LEAD ATTORNEY*
                                            Designation: CJA Appointment

## Pending Counts

21:846 CONSPIRACY TO
DISTRIBUTE COCAINE BASE
(1)

21:841(a)(1) POSSESSION OF
COCAINE BASE WITH THE INTENT
TO DISTRIBUTE; 18:2 AIDING AND
ABETTING
(2)

21:860 DISTRIBUTION OR
POSSESSION OF COCAINE BASE
WITH INTENT TO DISTRIBUTE
NEAR A SCHOOL; 18:2 AIDING AND
ABETTING
(3)

21:841(a)(1) DISTRIBUTION OF
COCAINE BASE; 18:2 AIDING AND
ABETTING
(4)

## Disposition

IMPRISONMENT 78 MONTHS TO
RUN CONCURRENTLY;
SUPERVISED RELEASE 10 YEARS
TO RUN CONCURRENTLY;
SPECIAL ASSESSMENT $700.00.

IMPRISONMENT 78 MONTHS TO
RUN CONCURRENTLY;
SUPERVISED RELEASE 10 YEARS
TO RUN CONCURRENTLY;
SPECIAL ASSESSMENT $700.00.

IMPRISONMENT 78 MONTHS TO
RUN CONCURRENTLY;
SUPERVISED RELEASE 10 YEARS
TO RUN CONCURRENTLY;
SPECIAL ASSESSMENT $700.00.

IMPRISONMENT 78 MONTHS TO
RUN CONCURRENTLY;
SUPERVISED RELEASE 10 YEARS
TO RUN CONCURRENTLY;
SPECIAL ASSESSMENT $700.00.

FILED FROM THE RECORD
3-9-05

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

21:860 DISTRIBUTION OR
POSSESSION OF COCAINE BASE
WITH INTENT TO DISTRIBUTE
NEAR A SCHOOL; 18:2 AIDING AND
ABETTING
(5)

IMPRISONMENT 78 MONTHS TO
RUN CONCURRENTLY;
SUPERVISED RELEASE 10 YEARS
TO RUN CONCURRENTLY;
SPECIAL ASSESSMENT $700.00.

21:841(a)(1) DISTRIBUTION OF
COCAINE BASE
(6)

IMPRISONMENT 78 MONTHS TO
RUN CONCURRENTLY;
SUPERVISED RELEASE 10 YEARS
TO RUN CONCURRENTLY;
SPECIAL ASSESSMENT $700.00.

21:860 DISTRIBUTION OR
POSSESSION OF COCAINE BASE
WITH INTENT TO DISTRIBUTE
NEAR A SCHOOL
(7)

IMPRISONMENT 78 MONTHS TO
RUN CONCURRENTLY;
SUPERVISED RELEASE 10 YEARS
TO RUN CONCURRENTLY;
SPECIAL ASSESSMENT $700.00.

21:853 CRIMINAL FORFEITURE
(8)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                           **Disposition**

None

**Plaintiff**

**USA**                                  represented by **FRANCIS C. BARBIERI, JR.**
                                         U.S. ATTORNEY'S OFFICE
                                         615 CHESTNUT ST.
                                         SUITE 1250
                                         PHILA, PA 19106-4476
                                         TEL 215-861-8200
                                         Fax: FAX 215-461-5618
                                         Email: frank.barbieri@usdoj.gov
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/1998 | 1 | Indictment as to NELSON CARRION (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, LUIS SANTIAGO (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8, MELVIN FELICIANO (3) count(s) 1, 2, 3, 6, 7, 8 (aam) (Entered: 05/20/1998) |
| 05/20/1998 | 3 | MOTION and ORDER for Issuance of Bench Warrant as to LUIS SANTIAGO ( Signed by MAGISTRATE JUDGE JAMES R. MELINSON ) (aam) (Entered: 05/20/1998) |
| 05/20/1998 | | Bench Warrant issued as to NELSON CARRION, LUIS SANTIAGO, MELVIN FELICIANO. (aam) (Entered: 05/20/1998) |
| 05/20/1998 | | **Added Government Attorney FRANCIS C. BARBIERI JR. (aam) (Entered: 05/20/1998) |
| 06/16/1998 | 5 | ORDER DATED 6/12/98 THAT THE WARDEN OF HOUSE OF CORRECTIONS AND THE U.S. MARSHAL PRODUCE LUIS SANTIAGO ON 6/25/98 AT 10:30 A.M. TO APPEAR FOR ARRAIGNMENT. ( SIGNED BY JUDGE J. C. JOYNER ), 6/17/98 ENTERED. 6/15/98 COPIES FAXED BY CHAMBERS. (jh) (Entered: 06/17/1998) |
| 06/16/1998 | | Deadline updated as to LUIS SANTIAGO, MELVIN FELICIANO, SETTING ARRAIGNMENT FOR 10:30 A.M., 6/25/98 for LUIS SANTIAGO, for MELVIN FELICIANO . (jh) (Entered: 06/17/1998) |
| 06/22/1998 | 7 | CJA 23 Financial Affavidit by LUIS SANTIAGO. (rp) (Entered: 06/22/1998) |
| 06/25/1998 | | Arraignment HELD LUIS SANTIAGO (2) count(s) 1, 2, 3, 4, 5, 6, 7; MELVIN FELICIANO (3) count(s) 1, 2, 3, 6, 7. (jh) (Entered: 06/25/1998) |
| 06/25/1998 | 9 | Plea of 6/25/98 entered by LUIS SANTIAGO. Court accepts plea. NOT GUILTY: LUIS SANTIAGO (2) count(s) 1, 2, 3, 4, 5, 6, 7 . (CSMW) (jh) (Entered: 06/25/1998) |
| 06/25/1998 | 11 | Notice of Appearance for LUIS SANTIAGO by Attorney CARLOS A. MARTIR. (jh) (Entered: 06/25/1998) |
| 06/25/1998 | | **Procedural Interval start P2 as to LUIS SANTIAGO (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8, MELVIN FELICIANO (3) count(s) 1, 2, 3, 6, 7, 8 (ar) (Entered: 06/29/1998) |
| 06/30/1998 | 14 | CJA 23 Financial Affavidit by LUIS SANTIAGO. (jh) (Entered: 06/30/1998) |
| 07/01/1998 | 16 | CJA 20 as to LUIS SANTIAGO : Appointment of Attorney Carlos A. Martir, Jr., Esq, Voucher # 0720590. ( Signed by MAGISTRATE JUDGE CAROL S. WELLS ) (jh) (Entered: 07/01/1998) |
| 07/01/1998 | 17 | Minute entry as to LUIS SANTIAGO dated 6/30/98 re: No bail is set. Deft. detained pending trial. (JPH) (jh) (Entered: 07/01/1998) |

| 07/01/1998 | 18 | ORDER DATED 6/30/98 THAT DEFT. LUIS SANTIAGO BE DETAINED PENDING TRIAL. DEFT.IS COMMITTED TO THE CUSTODY OF THE ATTORNEY GENERAL FOR CONFINEMENT IN A CORRECTIONS FACILITY SEPARATE, TO THE EXTENT PRACTICABLE, FROM PERSONS AWAITING OR SERVING SENTENCES OR BEING HELD IN CUSTODY PENDING APPEAL. ( SIGNED BY MAGISTRATE JUDGE JACOB P. HART ), 7/1/98 ENTERED AND COPIES MAILED AND FAXED. (jh) (Entered: 07/01/1998) |
|---|---|---|
| 07/09/1998 | | Deadline updated as to LUIS SANTIAGO, MELVIN FELICIANO, SETTING JURY TRIAL FOR 10:00 A.M., 8/18/98 for LUIS SANTIAGO, for MELVIN FELICIANO . (jh) (Entered: 07/09/1998) |
| 07/09/1998 | 19 | ORDER DATED 7/7/98 THAT THE WARDEN OF HOUSE OF CORRECTIONS AND THE U.S. MARSHAL PRODUCE LUIS SANTIAGO ON 8/18/98 AT 10:00 A.M. TO APPEAR FOR JURY TRIAL. ( SIGNED BY JUDGE J. C. JOYNER ), 7/9/98 ENTERED. 7/8/98 COPIES FAXED BY CHAMBERS. (jh) (Entered: 07/09/1998) |
| 08/18/1998 | 22 | Change of Plea Memorandum by USA as to LUIS SANTIAGO, Cert. of Service. (jh) (Entered: 08/18/1998) |
| 08/18/1998 | | Change of Plea Hearing as to LUIS SANTIAGO HELD. (jh) (Entered: 08/20/1998) |
| 08/19/1998 | 24 | Guilty Plea Agreement as to LUIS SANTIAGO. (jh) (Entered: 08/20/1998) |
| 08/19/1998 | 26 | Plea of 8/18/98 entered by LUIS SANTIAGO. Court accepts plea. GUILTY: LUIS SANTIAGO (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8 . Deft. to remain in custody. Sentencing set for 11/12/98 at 10:00 A.M. (jh) (Entered: 08/20/1998) |
| 08/19/1998 | | Deadline updated as to LUIS SANTIAGO, SETTING SENTENCING FOR 10:00 A.M., 11/12/98 for LUIS SANTIAGO . (jh) (Entered: 08/20/1998) |
| 10/14/1998 | | **Address labels only (ajm) (Entered: 10/14/1998) |
| 11/10/1998 | | **Set Interpreter Flag for Spanish for LUIS SANTIAGO, MELVIN FELICIANO (cb) (Entered: 11/10/1998) |
| 11/24/1998 | | **Terminated party MELVIN FELICIANO. (jh) (Entered: 11/25/1998) |
| 02/24/1999 | 48 | Sentencing Memorandum by USA as to LUIS SANTIAGO, Cert. of Service. (jh) (Entered: 02/25/1999) |
| 02/24/1999 | | Sentencing HELD LUIS SANTIAGO (2) count(s) 1, 2, 3, 4, 5, 6, 7. (jh) (Entered: 02/25/1999) |
| 02/24/1999 | 49 | Minute entry as to LUIS SANTIAGO dated 2/24/99 re: Sentencing. Cts. 1-7 - Imprisonment 78 months to run concurrently; Supervised Release 10 Years to run concurrently; Special Assessment $700.00. (jh) (Entered: 02/25/1999) |

Case 1:05-cr-00011-KAJ

| 02/24/1999 | 50 | MOTION BY USA AS TO LUIS SANTIAGO FOR DEPARTURE FROM SENTENCING GUIDELINES , CERT. OF SERVICE. (jh) (Entered: 02/25/1999) |
|---|---|---|
| 03/02/1999 | 51 | JUDGMENT OF 2/24/99 AS TO LUIS SANTIAGO (2) count(s) 1 , 2 , 3 , 4 , 5 , 6 , 7. IMPRISONMENT 78 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE 10 YEARS TO RUN CONCURRENTLY; SPECIAL ASSESSMENT $700.00. ( SIGNED BY JUDGE J. C. JOYNER ), 3/3/99 ENTERED. (jh) (Entered: 03/03/1999) |
| 03/02/1999 | | **Terminated party LUIS SANTIAGO. (jh) (Entered: 03/03/1999) |
| 03/05/1999 | 52 | MOTION BY USA AS TO LUIS SANTIAGO FOR ORDER OF FORFEITURE , CERT. OF SERVICE. (jh) (Entered: 03/08/1999) |
| 03/10/1999 | 54 | ORDER DIRECTING FORFEITURE OF PROPERTY AS TO LUIS SANTIAGO RE: THE SUM OF $900.00 U.S. CURRENCY THAT WAS RECOVERED INSIDE 621 EAST LIPPINCOTT ST., ON 3/17/98; A LORIN .380 CALIBER SEMI-AUTOMATIC FIREARM, SERIAL # 342017; A TITAN .25 CALIBER SEMI-AUTOMATIC FIREARM, SERIAL # OBLITERATED; AND AN SKS 7.62 CALIBER ASSAULT RIFLE, SERIAL # 3122256. ( SIGNED BY JUDGE J. C. JOYNER ), 3/11/99 ENTERED AND COPIES MAILED. 3/10/99 COPY FAXED BY CHAMBERS. (jh) (Entered: 03/11/1999) |
| 03/10/1999 | | **Terminated motion(s) as to LUIS SANTIAGO : [52-1] MOTION FOR ORDER OF FORFEITURE as to LUIS SANTIAGO (2) (SEE DOCUMENT # 54) (jh) (Entered: 03/11/1999) |
| 03/15/1999 | 56 | ORDER DATED 3/15/99 GRANTING [50-1] MOTION FOR DEPARTURE FROM SENTENCING GUIDELINES AS TO LUIS SANTIAGO. ( SIGNED BY JUDGE J. C. JOYNER ), 3/16/99 ENTERED AND MAILED AND FAXED. (jh) (Entered: 03/16/1999) |
| 05/20/1999 | | **Terminated party NELSON CARRION. (jh) (Entered: 05/20/1999) |
| 05/20/1999 | | **Case closed as to all defendant as to NELSON CARRION, LUIS SANTIAGO, MELVIN FELICIANO. (jh) (Entered: 05/20/1999) |
| 03/15/2000 | 67 | Bench Warrant Returned Executed as to LUIS SANTIAGO on 6/25/98. (jh) (Entered: 03/16/2000) |
| 03/08/2005 | 82 | Probation Jurisdiction Transferred to District of Delaware as to LUIS SANTIAGO Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (DT) (Entered: 03/09/2005) |