AO 199A   (Rev. 6/97) Order Setting Conditions of Release                                              Page 1 of ___3___ Pages

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

United States of America

v.                                                                          **ORDER SETTING CONDITIONS**
                                                                            **OF RELEASE**

_Luis Renaldo Santiago_              Case Number:        CR 05-11 KAJ
         Defendant

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _Federal Building, 844 King St., Wilmington, DE_
                                                                                                              Place
_4th floor, Courtroom 6_ on _March 15, 2006 at 11:30 A.m._ [signature]
                                        Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(  ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

```
F I L E D
MAR  9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

✎AO 199B    (Rev. 5/99) Additional Conditions of Release                                    Page  2  of  3

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
  (Name of person or organization) _____
  (Address) _____
  (City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy     Date

( X ) (7) The defendant shall:
  ( X ) (a) report to the  Pretrial services as required by that agency  ,
      telephone number _____, not later than _____
  ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____
  ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____ .
  ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
  ( ) (e) maintain or actively seek employment.
  ( ) (f) maintain or commence an education program.
  ( ) (g) surrender any passport to: _____
  ( ) (h) obtain no passport.
  ( X ) (i) **abide by the following restrictions on personal** association, place of abode, or travel:
      No travel outside the state of Delaware unless authorized by Pretrial services
  ( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
  ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
  ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
  ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
  ( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
  ( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
  ( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  ( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
  ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
  ( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
  ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
    ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
    ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
    ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
  ( X ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
  ( X ) (v) Abide by all conditions of his supervised release with the federal government and abide by all conditions of state probation

  ( X ) (w) Regarding item 7(i), must obtain permission from Pretrial Services no less than 24 hours before the scheduled travel.

  ( X ) (x) continue with his treatment/evaluation/counseling Hogar Crea Program until completion or release authorized by federal supervising officer.

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

AO 199C    (Rev.6/97) Advise of Penalties . . .                                                                 Page __3__ of __3__ Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

City and State    19802    Telephone

## Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____March 9, 2006_____

_____
Signature of Judicial Officer

Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 93 (Rev. 5/85) Search Warrant

# United States District Court

DISTRICT OF __DELAWARE__

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

Clayton, Delaware, described more particularly on Attachment A

**SEARCH WARRANT**

CASE NUMBER:  06-19

**REDACTED**

TO: __Jason C. Rundell__ and any Authorized Officer of the United States

Affidavit(s) having been made before me by __Jason C. Rundell__ (Affiant) who has reason to believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

, Clayton, Delaware, described more particularly on Attachment A

in the _____ District of __Delaware__ there is now concealed a certain person or property, namely (describe the person or property)

the items listed in Attachment B

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before __February 15, 2006__
                                                      Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime — 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to _____
                                                                                    U.S. Judge or Magistrate
as required by law.

February 6, 2006                                             at    Wilmington, Delaware
Date and Time Issued                                                City and State

Honorable Gregory M. Sleet
United States District Court                                        _[signature]_
Name and Title of Judicial Officer                                  Signature of Judicial Officer

## RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| February 7, 2006 | February 8, 2006 @ approx. 7:15 AM | Rosie Perkins |

**INVENTORY MADE IN THE PRESENCE OF**
Special Agent Robert Deibert

**INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT**

See Attachment "A" "C" *JCR 2/9/06*

### CERTIFICATION

I swear that this inventory is a true and detailed [accoun]t of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____  2/9/06
U.S. Judge or Magistrate        Date

U.S. District Court, District of Delaware
Case # 06-19M

Attachment A C ~~[initials]~~ 2/9/06

Items seized during the execution of search warrant on February 8, 2006, at ███████ ███████, Clayton, Delaware.

| Inventory No. | General Description |
|---|---|
| 3-1 | Two (2) manila folders containing Amalgamated Transit Union, Local 842 (LU 842) business records. |
| 3-1 | Grand America hotel invoice dated 10/01/03 for Jackie Herbert, Delaware Transit Corporation. |
| 20-1 | ATU 842 certificates, expense receipts, member pay stubs |
| 20-2 | Yellow note pads of handwritten notes from union meetings, contract negotiation documentation |
| 20-3 | Expense receipts, Citizens Bank savings account records, audit report, American Express account documents, union meeting minutes |
| 20-4 | Mellon Bank debit notice, 3-page fax/copy of check #021630. |
| 20-5 | Union meeting minutes, expense report for LU 842 |
| 20-6 | Receipt for Quicken Books, receipt for Sam's Club computer purchases |
| 20-7 | Pension fund- Wilmington Trust |
| 20-8 | Planner for years 2000, 2003-2005, Convention expenses, Quicken Books software documents, binder with computer notes, gas bill, Citizens Bank statements, Dues/Lost Time, expense reports. |
| 20-9 | Expense receipts, Commerce Bank account records, W-2's, Union dues membership ledger, handwritten records of deposits. |
| 20-10 | Checking account ledger for Citizen's Bank account. |

The premises known as the residence of Jackie E. Herbert Sr. is a single story, double-wide, modular home located on a 25-acre land parcel at ███████████████ Clayton, Delaware. On this land parcel, owned by Jackie Herbert, are two residences, one residence has a mailbox on ███████████ which is marked with the number ████. The residence that Jackie Herbert occupies is set back approximately 200 yards from ███████████ is accessed from ███████████ via a dirt driveway. The premises include any locked and unlocked safes, cabinets, closets, desks and other closed containers within.

## ATTACHMENT B

For the period of 2001 through present, the following records and files in the name of, or on the behalf of Amalgamated Transit Union, Local 842:

1. Expense vouchers and supporting documentation;

2. Checking account and savings account records with Citizens Bank;

3. Checks representing the payment of dues by union members;

4. All records demonstrating that Jackie E. Herbert was an officer of ATU 842 and transacted business on its account; and

5. Indicia of occupancy for the premises to be searched.